**Tom BLAIR and wife, Nancy Blair,
Plaintiffs-Appellants,**

v.

**JOHNSON CITY MEDICAL CENTER
HOSPITAL and Dr. Brett Wyche,
Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Nov. 14, 1986.

Permission to Appeal Denied by
Supreme Court Feb. 2, 1987.

Jean A. Stanley, Johnson City, for plaintiffs-appellants.

Charles T. Herndon, III, Herndon, Coleman, Brading & McKee, Johnson City, for defendant-appellee Dr. Brett Wyche.

OPINION

FRANKS, Judge.

The trial court refused to grant plaintiffs' Rule 60.02 motion to set aside a final judgment.

Plaintiffs sued defendant physician on April 24, 1985, for damages for personal injuries, allegedly due to the professional negligence of the defendant. Defendant filed a motion for summary judgment on May 24, 1985, which was supplemented by affidavits on June 3, 1985. At a hearing on the motion on August 2, 1985, plaintiffs were granted an additional 60 days to obtain and file opposing affidavits. On October 1, plaintiffs filed a motion for a further extension of time to obtain counter-affidavits. The motion was not acted upon by the trial court but, on December 6, 1985, at a regularly scheduled sounding of the court's docket, the court entered summary judgment because no opposing affidavits had been filed.

On January 31, 1986, plaintiffs filed a motion to set aside the judgment pursuant to Rule 60.02, T.R.C.P., and attached an affidavit by a physician and an affidavit by plaintiffs' attorney. The attorney's affidavit in pertinent part states:

On September 13, 1985, Dr. J. Ryland Mundie of the University of Arkansas for Medical Sciences was requested by me to review all of the medical records of Tom Blair prior to October 1, 1985, so that we could receive a proper Affidavit from him in the above-styled case. On October 1, 1985, that Affidavit had not been received and several phone calls were placed to Dr. Mundie on that day and on following days. The Affidavit attached to Plaintiffs' Motion to Set Aside Order Granting Summary Judgment was finally received by this attorney after the granting of such Motion.

In overruling plaintiffs' Rule 60 motion, the trial court observed:

Evidence here shows counsel has had more than six (6) months within which to secure and file her counter-affidavit and her failure to do so does not constitute "inadvertence and perhaps excusable neglect" within the meaning of Rule 60.02, TRCP.

In seeking T.R.C.P., Rule 60 relief, the burden is on the moving party to demonstrate by supporting affidavits facts explaining why the movant was justified in failing to avoid the mistake, inadvertence, surprise or neglect. *Tennessee Dept. of Human Services v. Barbee*, 689 S.W.2d 863 (Tenn.1985). In this type of case, courts have generally been unyielding in requiring a party show good reason for his failure to timely take the appropriate and required action. *See Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24 (1st Cir. 1980); *Central Operating Co. v. Utility Workers of America, AFL–CIO*, 491 F.2d 245 (4th Cir.1974); and *Smith v. Stone*, 308 F.2d 15 (9th Cir.1962). *Accord:* Wright & Miller, *Federal Practice & Procedure*, § 2857, pp. 160–1.

The record establishes the expert witness was not contacted until September 13, 1985. While the affidavit states requests were made after October 1, 1985 for the affidavit, the record leaves to speculation why the affidavit was not given and filed prior to the entry of summary judgment. What efforts, if any, to secure the appropriate affidavit after October 1st are not revealed in the record and, since whether to grant Rule 60 relief lies within the sound discretion of the trial court, *Barbee*, we find no abuse of discretion since plaintiffs have not established a basis for Rule 60 relief.

Finally, plaintiffs rely on *Schaefer by Schaefer v. Larsen*, 688 S.W.2d 430 (Tenn. App.1984). In that case, a counter-affidavit was filed within 8 days after a motion for summary judgment had been sustained. In *Schaefer*, the judgment had not become final. In order to set aside a final judgment under Rule 60, the requirements of that rule must be met, which was not at issue in *Schaefer*.

We affirm the judgment of the trial court and remand, with cost incurred on appeal assessed to plaintiffs.

PARROTT, P.J., and RICHARD R. FORD, Special Judge, concur.