IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 6, 2006 Session

## TONYA DECKER v. WILLIAM BUSTER NANCE

**Appeal from the Juvenile Court for Morgan County**
**No. J01-05-J331WAD    Michael A. Davis, Judge**



**No. E2005-2248-COA-R3-CV  - FILED APRIL 28, 2006**

This appeal involves a default judgment in a paternity action.  The trial court granted a default judgment against the defendant even though the defendant had not received his five days' notice as required by Tenn. R. Civ. P. 55.  Citing other grounds, the defendant moved to set aside the judgment,  but the trial court denied the motion.  Upon review of the record, it is our determination that the default judgment must be vacated and this case remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Kimberly E. Wright, Knoxville, Tennessee, for the Appellant, William Buster Nance.

Joe R. Judkins, Wartburg, Tennessee, for the Appellee, Tonya Decker.

## OPINION

### I. *Factual and Procedural Background*

This is an appeal of a Juvenile Court case that is intertwined with a related proceeding in Chancery Court.  Both proceedings arise from the birth of a child to Tonya Decker on June 9, 2003. On September 24, 2003, Ms. Decker filed a petition in the Juvenile Court for Morgan County to establish the paternity of her minor child.  In the petition, she named William Buster Nance as the child's father, sought child support retroactive to the date of her son's birth, and requested reimbursement for birth expenses she alleged to be in excess of $150,000.  The return of summons

contained in the record indicates the following:

> [e]xecuted by reading the within summons to <u>Bill Nance</u> the
> Defendant(s), and leaving a copy of the complaint with (him, her,
> them). This <u>29</u> day of <u>Sept</u>, 2003.

On November 19, 2003, Ms. Decker and her husband filed a Petition for Adoption and Petition for Termination of Parental Rights against Mr. Nance in the Chancery Court for Morgan County. Mr. Nance was served with this petition on December 12, 2003.

On January 22, 2004, Ms. Decker's counsel filed a motion for default judgment and a notice of hearing on the paternity case pending in Juvenile Court. That motion noted as follows:

> 1. A Petition to Establish Paternity was filed in this cause on September 24, 2003;
>
> 2. The Respondent, William Buster Nance, was personally served on September 25, 2003;
>
> 3. The Respondent was required to appear and answer on or before October 27, 2003, and has failed and neglected to do so.

. . . .

The notice portion of the motion provided that plaintiff and counsel would make an appearance before the Juvenile Court Judge on Wednesday, January 28, 2004, at 8:30 a.m.

On the same date, January 22, 2004, Ms. Decker's counsel filed a motion for default judgment and notice of hearing in the Chancery Court's parental termination and adoption case. That motion stated as follows:

> 1. A Petition for Adoption and Petition for Termination of Parental Rights of the Respondent was filed in this cause on November 19, 2003;
>
> 2. The Respondent, William Buster Nance, was personally served on December 12, 2003;
>
> 3. The Respondent was required to appear and answer on or before January 13, 2004, and has failed and neglected to do so.

. . . .

The notice section of the motion indicated that plaintiff and her counsel would make an appearance

before the Chancellor on Wednesday, January 28, 2003 at 8:30 a.m - the same date and time as the motion for default judgment in the paternity case pending in Juvenile Court. Mr. Nance does not deny that he received the motions and notices in the mail.

On January 28, 2004, a judgment by default was entered against Mr. Nance in the paternity case pending in Juvenile Court.

On February 18, 2004, a judgment by default was entered in the Chancery Court case, terminating Mr. Nance's parental rights and granting the petition for adoption of the minor child by Ms. Decker and her husband.[1]

On April 13, 2004, the trial court found Mr. Nance to be the child's natural father, and awarded a judgment for $3,674.32 for child support arrearage and $265,809.30 for prenatal and other medical expenses up to the date of the entry of the final decree in the adoption proceeding. The order establishing paternity was entered on April 30, 2004, *nunc pro tunc*.

Within a month of the entry of the Juvenile Court's order, Mr. Nance, through counsel, filed a motion (and, subsequently, amended motions) to set aside the order establishing paternity, alleging that he was not properly served with the petition to establish paternity, that he had a meritorious defense to the petition, and that he would bear the cost of the testing necessary to establish whether he was the child's father. Mr. Nance further claimed that he had been advised by other counsel that plaintiff could not get a judgment against him for any medical expenses that Ms. Decker had never paid or for which she was not responsible, and that he had attempted to appear in the two different proceedings for which he had been noticed. Mr. Nance noted that prior to the entry of the default judgment, he had been in communication with Ms. Decker's attorney and had offered to have a blood test to establish paternity, but his offer had been rejected.

The motion to set aside the default judgment remained pending for nearly one year, during which time it appears no DNA testing was conducted. On April 27, 2005, the trial court apparently conducted an evidentiary hearing, of which we have no transcript. On the following day, upon finding no basis in law or fact for setting aside either the judgment by default or the order establishing paternity, the trial judge entered an order denying defendant's Tenn. R. Civ. P. 60.02 motion. A timely notice of appeal was filed.

## *II. Issue*

The dispositive issue before us is whether the trial court abused its discretion by not setting aside the default judgment.

---

[1] The Chancery Court's parental termination and adoption order is not in the record, but the order is referenced in the Juvenile Court's order establishing paternity. If the motion for default judgment was heard on the date set forth in the notice of hearing, then Mr. Nance was not afforded at least five days' notice of the motion for default judgment in the parental termination/adoption case. However, the appeal of that case is not before us.

### III.  Standard of review

We review a trial court's entry of a default judgment and its refusal to set that judgment aside pursuant to a Tenn. R. Civ. P. 60.02 motion under an abuse of discretion standard. *Tenn. Dep't of Human Serv. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985).  Under the abuse of discretion standard, a trial court's ruling will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.  A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining.  In the interests of justice, the courts have expressed a clear preference for a trial on the merits.  *Id.* at 866.  Motions to set aside default judgments are not viewed with the same strictness that motions to set aside judgments after a hearing on the merits are viewed.  Rather, such motions are construed liberally in favor of granting the relief requested.  *Id.* at 867.  If there is reasonable doubt as to whether to set aside a default judgment upon proper application, a court should exercise its discretion in favor of granting relief from the judgment. *Wilkerson v. PFC Global Group, Inc.*, No. E2003-00362-COA-R3-CV, 2003 WL 22415359 (Tenn. Ct. App., E.S., Oct. 23, 2003) at *7 (citing *Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973)); *Reynolds v. Battles*, 108 S.W.3d 249 (Tenn. Ct. App. 2003).

We have not been provided with a transcript or statement of the evidence.  Therefore, we review only the technical record.  Since the legal issues presented by the technical record are reviewed *de novo*, we will reach our own independent conclusions regarding them.  *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002).

### IV.  Validity of the Default Judgment

The entry of a default judgment is governed by Tenn. R. Civ. P. 55.  Pursuant to Tenn. R. Civ. P. 55.01, a party against whom a default judgment is sought is entitled to written notice five days prior to the hearing on an application for judgment by default:

> All parties against whom a default judgment is sought *shall be served with a written notice of the application for judgment at least five days before the hearing on the application*, regardless of whether the party has made an appearance in the action.

Tenn. R. Civ. P. 55.01 (emphasis added).[2]

Counsel for plaintiff filed the motion for default judgment and notice of hearing on Thursday, January 22, 2004.  In computing any period of time prescribed under the Rules, the date of the act of filing the motion is not to be included.  When the period of time prescribed is less than

---

[2]This is a departure from prior law, which stated that a party who had not appeared was not entitled to notice. *See Patterson v. Rockwell Int'l*, 665 S.W.2d 96 (Tenn. 1984).  This rule was amended, however, in 1996, due to the "liberal Tennessee case law allowing Rule 60 relief." *See 1996 Advisory Commission Comments*, Tenn. R. Civ. P. 55.

eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. *See* Tenn. R. Civ. P. 6.01. Thus, the five days' notice that is required by Tenn. R. Civ. P. 55.01 means five business days. Since the notice was mailed, three additional days must be added to the prescribed period, pursuant to Tenn. R. Civ. P. 6.05. Accordingly, under the Rules, a hearing on the motion could not have been properly held any earlier than Tuesday, February 3, 2004. The motion for default judgment was apparently heard and entered on January 28, 2004. Mr. Nance did not receive at least five days' notice of the hearing on the motion for default judgment as required by Rule 55.01.

The wording of Rule 55.01 is clear and unambiguous – "[a]ll parties against whom a default judgment is sought *shall* be served ... at least five days before the hearing..."(emphasis added). In *Churney v. Churney*, 1993 WL 272891 (Tenn. Ct. App., W.S., July 22, 1993), this court held that five days' written notice to the defendant "of the application for default judgment is *mandatory*." *Id.* at * 2 (emphasis added); *see also Pirkle v. Parker*, No. E2002-01751-COA-R3-CV, 2003 WL 104622 (Tenn. Ct. App., E.S., Jan. 13, 2003). The trial court should grant relief when the plaintiff has failed to comply with required procedural safeguards. *Nelson v. Simpson*, 826 S.W.2d 483 (Tenn. Ct. App. 1991). A default judgment should be vacated when the record indicates that the motion for default judgment was not served on the defendant in compliance with Rule 55.01. *First Tennessee Bank Nat. Ass'n v. McClure*, 1990 Tenn. App. LEXIS 48 (Tenn. Ct. App., E.S., Jan. 31, 1990); *see also State v. Looper*, 86 S.W. 3d 189 ( Tenn. Ct. App. 2000) (Proper notice of the hearing on the motion for default judgment must be given); *Johnson v. Wade,* No. W1999-01651-COA-R3-CV, 2000 Tenn. App. LEXIS 609 ( Tenn. Ct. App., W.S., Sept. 6, 2000) ( In order to prevail on a motion for default judgment, the defendant must be given ample notice of the motion and the date of the default judgment hearing); *Magness v. Masonite Corp*., 12 Ark. App.117, 671 S.W.2d 230 (1984) (Failure to give the requisite number of days' notice as required by the Rules on a motion for default judgment is a serious procedural error that justifies reversal of a decision refusing to set aside a default judgment). The showing of a meritorious defense is not required "where the default judgment was procured in violation of the Rules of Civil Procedure." *Churney*, 1993 WL 272891 at *2. Therefore, while Mr. Nance vehemently asserts that he had a meritorious defense and did request DNA testing to determine paternity, presumably based on his belief that he is not the child's father, in light of the procedural defects, he is not required to show a meritorious defense in this cause to obtain relief.

Although defendant did not raise the issue of the procedural propriety of the trial court's premature entry of the default judgment, we conclude that this is an appropriate matter for our review pursuant to Tenn. R. App. P. 13(b), which allows us to consider issues not raised by the parties in order to "prevent injury to the interests of the public" and "to prevent prejudice to the judicial process." *State v. C.M.*, No. E2004-00960-COA-R3-PT, 2004 WL 2853301 (Tenn. Ct. App., E.S., Dec. 13, 2004).

After careful review of the record, we conclude that the trial court abused its discretion in not setting aside the default judgment in this matter, as Mr. Nance was not afforded five days' notice of the hearing on the motion for default judgment as required by Tenn. R. Civ. P. 55.01. We further

note that it appears from the record that Ms. Decker's counsel sought to simultaneously have Mr. Nance declared the father of the child and terminate his parental rights in two courts on the same day at the same time. A default judgment was almost inevitable in at least one of the cases.

Due to our resolution of the above issue, any remaining issues raised by the parties are pretermitted.

## *V. Conclusion*

For the foregoing reasons, we vacate the judgment of the trial court and remand for further action consistent with this opinion. Costs of the appeal are adjudged against the Appellee, Tonya Decker.

_____
**SHARON G. LEE, JUDGE**