IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 16, 2006 Session

# GEORGE PALMETREE, ET AL. v. JESS RIVERA and JESS RIVERA d/b/a CONSTRUCTION SERVICES

### Direct Appeal from the Chancery Court for Obion County
### No. 25,646     W. Michael Maloan, Chancellor

### No. W2005-02363-COA-R3-CV - Filed June 6, 2006

The trial court entered a default judgment in favor of Plaintiffs in an action alleging breach of contract, fraud, and violations of the Tennessee Consumer Protection Act, and denied Defendant's Rule 60.02 motion to set aside the judgment. We reverse and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

John M. Miles, Union City, Tennessee, for the appellant, Jess Rivera and Jess Rivera d/b/a Construction Services.

Bruce Stephen Conley, Union City, Tennessee, for the appellees, George Palmertree and Kay Palmertree.

## OPINION

This dispute arises from a contract executed in Tennessee for construction of a home in Kentucky. On March 4, 2005, Plaintiffs George Palmertree and Kay Palmertree ("the Palmertrees") filed a complaint against contractors Jess Rivera and Jess Rivera, d/b/a Construction Services (collectively, "Mr. Rivera") in the Obion County Chancery Court. In their complaint, the Palmertrees alleged breach of contract, fraud, and violations of the Tennessee Consumer Protection Act as codified at Tennessee Code Annotated § 47-18-101 *et seq.* They sought compensatory damages in the amount of $60,000 and punitive damages in the amount of $100,000. The Palmertrees also sought treble damages and attorney's fees under the Consumer Protection Act.

On April 25, 2005, the Palmertrees filed a motion for default judgment. In their motion, the Palmertrees alleged service of process had been obtained against Mr. Rivera on March 23, 2005, and

that Mr. Rivera had failed to file an answer to their complaint. They additionally alleged Mr. Rivera had failed to participate in discovery and had failed to attend a deposition after notice was mailed to him. A hearing on the motion was held on May 5, 2005, with Mr. Rivera appearing *pro se.* The trial court entered a default judgment in favor of the Palmertrees and awarded the Palmertrees compensatory damages in the amount of $30,000. The trial court also awarded treble damages and attorney's fees pursuant to the Consumer Protection Act, for a total judgment in the amount of $92,500.

On May 27, acting through counsel, Mr. Rivera filed a motion pursuant to Rules 55.02 and 60.02 of the Tennessee Rules of Civil Procedure to set aside the final judgment or, in the alternative, for a new trial. In his motion, Mr. Rivera asserted that, although the Palmertrees' complaint was filed on March 4, service was not had until March 23, 2005. He further submitted that, upon receiving the complaint, he immediately sought the assistance of counsel and that he believed he was represented by counsel until receiving notice otherwise by telephone message on May 4, one day prior to the hearing on the Palmertrees' motion for default judgment. He additionally asserted that the home in dispute was "constructed in a relatively innovative fashion . . . which could lead the untrained eye to perceive an error or defect when in fact there is none." Mr. Rivera also asserted that he and his counsel had consulted with the architect and that the architect would support this position, and that he could easily complete construction if allowed to do so.

On June 17, the Palmertrees moved for a writ of attachment of all property or funds belonging to Mr. Rivera, and filed a secured bond with the court in the amount of $35,000. The trial court issued the writ on the same day.

Following a hearing on July 12, on September 14, 2005, the trial court denied Mr. Rivera's motion to set aside the default judgment. Mr. Rivera filed a timely notice of appeal to this Court on October 4, 2005. We reverse and remand for further proceedings.

### *Issue Presented*

The issue presented for our review, as we restate it, is whether the trial court erred by denying Mr. Rivera's motion to set aside the default judgment.

### *Standard of Review*

We review a trial court's entry of a default judgment and its refusal to set that judgment aside pursuant to a Tennessee Rule of Civil Procedure 60.02 motion under an abuse of discretion standard. *Tenn. Dep't of Human Serv. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985). In the interests of justice, however, the courts have expressed a clear preference for a trial on the merits. *Id.* Therefore, we construe Rule 60.02 liberally in the context of default judgments. *Id.* at 867. If there is any reasonable doubt about whether the judgment should be set aside, the court should exercise its discretion of favor of granting relief. *Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003); *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973).

*Analysis*

Tennessee Rule of Civil Procedure 55.02 enables the trial court to set aside a default judgment in accordance with Rule 60.02. Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Tenn. R. Civ. P. 60.02. When deciding whether to grant a Rule 60.02 motion to set aside a default judgment, courts must consider three criteria: 1) whether the default was willful; 2) whether the defendant has asserted a meritorious defense; 3) the amount of prejudice which may result to the non-defaulting party. *Barbee*, 689 S.W.2d at 866.

We first consider whether Mr. Rivera's failure to answer the Palmertrees' complaint was willful. We begin our analysis by noting that the record before us contains no transcript of the May 5 hearing on the Palmertrees' motion for default judgment. However, at the July hearing on Mr. Rivera's motion to set aside the default judgment, Mr. Rivera testified that he immediately sought legal counsel after receiving notice of the Palmertrees' complaint, and that he believed he had representation and that an answer was being filed. He testified that he did not know he was unrepresented until receiving a telephone message the day before the hearing on the motion for default judgment. He also testified that the telephone message was received on Wednesday and advised him the hearing was scheduled for Friday. Mr. Rivera further testified that he discovered the hearing was, in fact, scheduled for Thursday (May 5) when reviewing mail early Thursday morning, and that he accordingly appeared at the May 5 hearing *pro se*. The trial court's May order includes no findings with respect to this assertion, but the Palmertrees do not dispute this testimony. Further, at the July 12 hearing on Mr. Rivera's motion to set aside the default judgment, counsel for

the Palmertrees stated that on April 27 he had faxed a copy of the motion for default judgment to Mr. Rivera's assumed legal counsel at that attorney's request.

We additionally note that, although the trial court found that Mr. Rivera had received notice of the motion for default judgment and hearing, the trial court made no findings regarding when notice was made and the record before us does not include a certificate of service indicating when or whether service was made. We also note that although the Palmertrees' motion for default judgment included an assertion that Mr. Rivera had failed to attend a deposition after notice, no notice of a deposition is included in the record and the trial court made no findings on the matter.

In light of Mr. Rivera's undisputed testimony regarding his belief that he was represented by counsel and that an answer was being filed by counsel; the transcript of the July hearing indicating that the Palmertrees also believed Mr. Rivera was represented by counsel; the extremely short time lapse between the service of notice of the complaint, the motion for default judgment, and the hearing on that motion; and the uncertainty regarding when notice of the hearing on the motion for default judgment was made, the record demonstrates that Mr. Rivera's failure to answer the Palmertrees' complaint was not willful. Additionally, in light of the nature of the claims and the extremely short time period between the filing of the Palmertrees' complaint and the award of default judgment, setting aside the default judgment would not result in prejudice to the Palmertrees. We therefore turn to whether Mr. Rivera has asserted a meritorious defense.

We note that, at the July hearing on his motion to set aside the default judgment, Mr. Rivera did not call the architect referred to in his Rule 60.02 motion, Andrew Moore (Mr. Moore), to testify. We also note however, that the June writ of attachment included funds owed to Mr. Rivera by Mr. Moore and an injunction enjoining Mr. Rivera from removing construction trailers from Mr. Moore's property. However, the transcript of the July hearing includes testimony by Mr. Rivera and Mr. Gayena Saucedo (Mr. Saucedo) that slight deviations in the level of the floor were not abnormal, that some materials had not been installed in November 2004 because they had not been received; and that the Palmertrees removed Mr. Rivera from the job in early February before additional work could be completed. Mr. Rivera also testified that the project was exposed to weather between February and June, and that this exposure resulted in much of the damage claimed by the Palmertrees. Although, as the Palmertrees assert, Mr. Rivera has not proven his defense, he has asserted a viable defense to the Palmertrees' claims and the damages awarded. As noted above, we construe Rule 60.02 liberally in the context of default judgments in light of the strong preference for a trial on the merits. Further, after consideration of the three criteria noted, if reasonable doubt exists the court should exercise its discretion in favor of setting the default judgment aside. In this case, Mr. Rivera has demonstrated that he is entitled to relief from the default judgment. The record demonstrates that default was not willful, that Mr. Rivera has asserted a viable defense, and that no prejudice would result to the Palmertrees from setting aside the default judgment.

*Holding*

In light of the foregoing, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed to the Appellees, George Palmertree and Kay Palmertree.

_____
DAVID R. FARMER, JUDGE