IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2010

**TAMMY SUE FARLEY v. RICKY FARLEY**

**Appeal from the Chancery Court for Cheatham County**
**No. 14413     George C. Sexton, Judge**

**No. M2010-01120-COA-R3-CV - Filed December 17, 2010**

Wife filed a complaint for divorce. Husband did not file an answer. Wife sought and received a default judgment. Husband filed a motion to set aside the default judgment based on excusable neglect as a result of depression. The trial court denied the motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Melanie Totty Cagle, Centerville, Tennessee, for the appellant, Ricky Farley.

Jerry Wayne Hamblin, Ashland City, Tennessee, for the appellee, Tammy Sue Farley.

**OPINION**

Tammy Sue Farley ("Wife") filed for divorce from Ricky Farley ("Husband") on October 8, 2009, after ten and one-half years of marriage. Husband was served on October 10. On November 16, Wife filed a motion for a default judgment, stating that more than thirty days had passed since service and Husband had not filed an answer or otherwise defended the suit. The motion indicated that it would be heard on December 7, 2009. It was sent to Husband, who acknowledged receiving it.

Husband appeared at the hearing. His request for a court-appointed attorney was denied and he represented himself pro se. According to the trial court's order, Wife and other witnesses testified at the hearing in the presence of Husband. The court granted the divorce to Wife, divided the marital assets and awarded Husband and Wife their individual property. The order was entered December 22, 2009.

On January 21, 2010, husband filed a motion to set aside the default judgment, pursuant to Tenn. R. Civ. P. 60.02, based on excusable neglect and a meritorious defense. At a hearing on April 5, 2010, Husband and his clinical psychologist testified. The trial court denied the motion, stating that Husband knew what he was doing, and even if he had filed an answer, the outcome would probably not have been any different. Husband appealed.

The party seeking to set aside a default judgment has the burden of showing entitlement to relief. *Tenn. Dept. of Human Servs. v. Barbee,* 689 S.W.2d 863, 866 (Tenn. 1985); *Walker v. Baker*, 738 S.W.2d 194, 196 (Tenn. Ct. App. 1987). The appropriate standard of review with respect to a trial court's decision to grant or deny a motion to set aside a default judgement is the abuse of discretion standard. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Under this standard, the appellate court does not substitute its judgment for that of the trial court. *Id*. The appellate court will find an abuse of discretion only where the trial court "applie[d] an incorrect legal standard or reache[d] a decision which is against logic or reasoning and which causes an injustice to the complaining party." *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005).

Husband represented himself at the December hearing. Therefore, we must be mindful of the following principles regarding pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citations omitted).

Husband seeks to have the divorce decree set aside due to excusable neglect. When examining Husband's claim of excusable neglect, we consider the following concepts:

> [A] party's failure to meet a deadline may have causes ranging from forces beyond its control to forces within its control. . . . The former will almost always substantiate a claim of excusable neglect; the latter will not. However, neglect extends to more than just acts beyond a party's control and intentional acts. It encompasses "simple faultless omissions to act and, more commonly, omissions caused by carelessness."

*Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006) (quoting *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group*, 56 S.W.3d 557, 567 (Tenn. Ct. App. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993))).

The failure of Husband to file an answer to Wife's divorce complaint was negligent. Not all negligence may be forgiven; otherwise, the excusable portion of the excusable neglect requirement in Tenn. R. Civ. P. 60.02 would be nullified. *Sizemore*, 56 S.W.3d at 567. The determination of whether the failure to file an answer is excusable is an equitable determination in which all the relevant circumstances must be considered. *Id*.

Husband claims the failure to file the answer is excusable because of his depression. The clinical psychologist, Dr. Gale, testified that based on the medical records, "I don't think he was able to understand the nature of the proceedings," and that Husband was "mentally compromised." Yet, the evidence showed that after he was served with the complaint, Husband consulted a friend, an attorney in private practice, and Legal Services. He understood that Wife had filed a divorce proceeding, and after service of the motion for default, he understood that there would be a hearing on December 7, 2009. Husband testified at the April 2010 hearing that he did not feel incompetent but that he did not understand the procedures and did not have enough money to hire a lawyer at the time. He attended the December 2009 hearing and acted competently. The trial court found that Husband "knew exactly what was going on."

The trial court observed Husband at the December 2009 hearing. The court witnessed Husband's demeanor and actions. We do not find the trial court's denial of the motion to set aside the judgment to be an abuse of discretion.

Since we find that the trial court's decision that "there was no excusable neglect in this case" is not an abuse of discretion, we need not consider Husband's claims of the existence of a meritorious claim or Husband's analysis of prejudice to the non-defaulting party as these are merely factors to consider when evaluating the justifications for invoking Rule 60.02. *Barbee*, 689 S.W.2d at 866.

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, Ricky Farley, for which execution may issue.

_____
ANDY D. BENNETT, JUDGE