IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 2, 2017

## IN RE CHLOE C.

**Appeal from the Juvenile Court for Wilson County**
**No. 2014-DR-59     John Thomas Gwin, Judge**

_____

**No. M2017-00612-COA-R3-JV**

_____

The trial court denied Appellant's motion to set aside a default judgment in this parentage action. Because Appellant was not properly served notice of the default judgment under Rule 55.01 of the Tennessee Rules of Civil Procedure, we reverse and remand the trial court's decision for further proceedings pursuant to this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

C. Tracey Parks, Lebanon, Tennessee, for the appellant, Wallace A.

Amanda G. Crowell, Lebanon, Tennessee, for the appellee, Kristina C.

## MEMORANDUM OPINION[1]

## Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This case arises from the trial court's denial of a motion to set aside a default judgment by Respondent/Appellant Wallace A. ("Appellant").[2] Petitioner/Appellee Kristina C. ("Mother") gave birth in June 2007, to the child at issue and subsequently named Appellant as the child's biological father.

Mother filed a petition against Appellant to establish paternity and set child support on October 29, 2014. Service was unsuccessfully attempted on Appellant three times at 4142 Erie Church Road, Bedford, Indiana 47421, an address provided by Appellant. On the third attempt, it was determined that Appellant was residing in the Branchville Correctional Facility in Branchville, Indiana. Appellant was properly served the petition on December 15, 2014, at the Branchville Correctional Facility.

On December 16, 2014, Appellant prepared a handwritten letter stating that he: (1) was currently incarcerated at Branchville Correctional Facility; (2) had "no objection to Paternity being established"; and (3) requested the court to provide him with a "substantial amount of time to be released and defend [him]self." The trial court received this letter on December 19, 2014. Appellant filed a second letter with the court on January 26, 2015, again stating that he was incarcerated and unable to afford counsel and requesting a DNA test to determine paternity of the child.

No further action was taken on the case until December 7, 2016, when Mother filed a motion for default judgment. A hearing for this motion was set for January 5, 2017, at 1:00 p.m. A certificate of service attached to the motion indicated that the motion was mailed to Appellant at 4142 Erie Church Road, Bedford, Indiana 47421 on December 7, 2016. However, the motion was ultimately returned to sender as "not deliverable as addressed unable to forward" on January 1, 2017.

In the meantime, Appellant remained incarcerated at Branchville until September 15, 2015, when he was placed on home detention. Appellant remained on home detention for four and a half months. During that time, Appellant communicated with Mother's attorney informing her that he could not leave Indiana and wished to have a DNA test to determine paternity. On January 9, 2016, however, Appellant was again incarcerated at Plainfield Stop Facility until October 6, 2016.[3] Appellant was subsequently released later in October 2016, but was incarcerated again on November 5, 2016, for a parole violation. He remained incarcerated in the Lawrence County Jail in Bedford, Indiana, until February 23, 2017.

While residing at the Lawrence County Jail, Appellant wrote a third letter to the trial court, dated November 17, 2016. This letter was filed by the trial court on January

---

[2] In cases originating from juvenile court, it is the policy of this Court to remove the names of minor children and other parties in order to protect their identities.

[3] The record contains no further information about this particular period of incarceration.

3, 2017.  In his letter, Appellant again stated that he was requesting that a DNA test be ordered to determine the child's paternity.  He also asserted that he did not acknowledge that the child is his biological child, further explaining his reasoning for that assertion.  Importantly, Appellant's letter stated that he was currently incarcerated at the Lawrence County Jail, was unsure of his release date, and was indigent.  Finally, Appellant noted: "if advised as to which laboratory in the state of Indiana your court will accept result from I will go once released from jail to have test performed.  Unless the State of Indiana Correctional Facility can perform such a test satisfactory to Tennessee courts."  Additionally, Appellant marked through the Erie Church Road address on the letter as a possible way to reach him.

The trial court entered a final default judgment on January 11, 2017.  The order established paternity and child support.  Specifically the order stated:

> On December 7, 2016, Mother filed Motion for Final Default Judgment and set the matter for a Final Hearing on January 5, 2017, at 1:00 p.m.  Mother, through counsel, mailed copy of the Motion for Final Default Judgment to [Appellant] by United States Mail on December 7, 2016 at 4142 Erie Church Road, Bedford, Indiana 47421.  [Appellant]'s copy of the Motion was returned as "non-deliverable as addressed, unable to forward".  [Appellant] has not provided any other address to the court or to Mother's counsel.

Based upon the finding of paternity, Appellant was ordered to pay child support arrearages totaling $75,582.00, as well as attorney's fees.

Appellant, by and through counsel, filed a notice of appearance and an answer on February 10, 2017.  Appellant also filed a motion to set aside default judgment on the same day, with a hearing scheduled for March 2, 2017. The trial court denied Appellant's motion to set aside on March 8, 2017.  Appellant now appeals.

## Discussion

There is a single issue in this appeal: Whether the trial court erred in refusing to grant Appellant's motion to set aside the default judgment. From our review of the record, we agree that the trial court erred in this case.

A trial court's entry of a default judgment along with its refusal to set aside the judgment pursuant to Rule 55.02 and 60.02 of the Tennessee Rules of Civil Procedure is reviewed under an abuse of discretion standard.  ***Decker v. Nance***, No. E2005-2248-COA-R3-CV, 2006 WL 1132048, at *2 (Tenn. Ct. App. Apr. 28, 2006). A trial court abuses its discretion only when it "applie[s] incorrect legal standards, reache[s] an illogical conclusion, base[s] its decision on a clearly erroneous assessment of the

evidence, or employ[s] reasoning that causes an injustice to the complaining party." **Discover Bank v. Morgan**, 363 S.W.3d 479, 487 (Tenn. 2012) (quoting **State v. Banks**, 271 S.W.3d 90, 116 (Tenn. 2008)).

Appellant asserts that that the trial court abused its discretion in denying his motion to set aside default judgment "as the record shows the Appellant was not properly served notice" under Rule 55.01 of the Tennessee Rules of Civil Procedure. We agree. Rule 55 of the Tennessee Rules of Civil Procedure governs default judgments. *See generally* Tenn. R. Civ. P. 55.01–55.04. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered[.]"Tenn. R. Civ. P. 55.01. "'A judgment by default is generally considered an admission of all the properly pleaded material allegations of fact in the complaint, except the amount of unliquidated damages.'" **H.G. Hill Realty Co. v. Re/Max Carriage House, Inc.**, 428 S.W.3d 23, 30 (Tenn. Ct. App. 2013) (quoting **State ex rel. Jones v. Looper**, 86 S.W.3d 189, 194 (Tenn. Ct. App. 2000)) (footnote omitted). As such, a default judgment disposes of the cases as definitively as a trial on the merits. *See* **Estate of Vanleer v. Harakas**, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *6 (Tenn. Ct. App. Dec. 5, 2002).

Rule 55.01, however, contains certain requirements regarding the procedure necessary to obtain a default judgment:

> Except for cases where service was properly made by publication*,* all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action.

Tenn. R. Civ. P. 55.01. Rule 55.02 also allows a court to set aside a judgment of default in accordance with Rule 60.02. *See* Tenn. R. Civ. P. 55.02 ("For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."). Rule 60.02 provides that

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. "'Mistake, surprise or excusable neglect' may be established where a defaulting party receives 'no actual notice of a critical date in a court proceeding.'" *Husk v. Thompson*, No. M2016-01481-COA-R3-CV, 2017 WL 3432686, at *3 (Tenn. Ct. App. Aug. 10, 2017) (quoting *Harakas*, 2002 WL 32332191, at *6).

"[D]efault judgments are drastic sanctions", therefore, "[n]either dismissals nor default judgments are favored by the courts." *Beck v. Beck*, No. W2011-01806-COA-R3CV, 2012 WL 1656228, at *8 (Tenn. Ct. App. May 11, 2012) (internal citations omitted); *see Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863 (Tenn. 1985) (quoting *Secs. & Exch. Comm'n v. Seaboard Corp.*, 666 F.2d 414 (9th Cir. 1982)) ("'Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.'"). Thus, "[m]otions to set aside default judgments are not viewed with the same strictness that motions to set aside judgments after a hearing on the merits are viewed" and "such motions are construed liberally in favor of granting the relief requested." *Decker*, 2006 WL 1132048, at *2; *see also Beck*, 2012 WL 1656228, at *8 (citing *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003)) ("Courts construe requests for relief pursuant to Rule 60.02 much more liberally in cases involving default judgment than in cases following a trial on the merits."). Therefore, "a request to vacate a default judgment in accordance with Rule 60.02 should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on its merits." *Beck*, 2012 WL 1656228, at *8 (citing *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003)). The court is especially warranted to take "'[s]uch liberality . . . when an order of dismissal is entered with prejudice and without such procedural safeguards as notice, considering that Rule 55.01 of the Tennessee Rules of Civil Procedure requires notice to be given before a default judgment is granted.'" *Beck*, 2012 WL 1656228, at *8 (quoting *Henry*, 104 S.W.3d at 481). Therefore, "[t]he trial court should grant relief when the plaintiff has failed to comply with required procedural safeguards." *Decker*, 2006 WL 1132048, at *3.

Appellant argues that the trial court erred in refusing to set aside the default judgment where he was not provided notice of the hearing on the motion for default within the time provided by Rule 55.01. Because the required procedural safeguards were not followed, Appellant asserts that it was an abuse of discretion for the trial court to deny his motion to set aside the default judgment. Here, it is undisputed that Mother attempted to serve Appellant at the address previously given by Appellant. The service, however, was unsuccessful. In addition, it is also undisputed that Appellant mailed a letter to the trial court indicating that he no longer resided at the Erie Church Road address; rather, Appellant clearly stated that he was incarcerated in Indiana at that time and did not know his release date. Despite this letter, it is also undisputed that Mother made no attempt to serve Appellant with notice of the hearing on the motion for default judgment at his place of incarceration in Indiana. As such, Appellant asserts that the record reflects that he did not receive actual notice of the hearing on the motion for default judgment, as required by the plain language of Rule 55.01. *See* Tenn. R. Civ. P.

55.01 (requiring five days' notice of the hearing on the motion for default judgment). According to Appellant, as a result, the default judgment must be set aside.

Mother asserts that the notice in this case was proper because she utilized the address provided by Appellant when he was released from incarceration in October 2016. Although we are certainly sympathetic to Mother's desire to expedite these proceedings, we simply cannot agree that notice was proper in this case. Here, the notice mailed to the Erie Church Road address was returned undelivered on January 1, 2017. As such, it appears that Mother had notice prior to the hearing on the motion for default that Appellant did not have proper notice of the pending default judgment motion. Further, the record contains a letter in which Appellant specifically informs both Mother and the trial court that the Erie Church Road address is not proper and that he can instead be found at the Lawrence County Jail. Appellant's letter was received by the trial court, at the latest, on January 3, 2017, prior to the hearing on the motion for default and well before the trial court entered its order granting the default judgment to Mother. Curiously, this letter is not mentioned in Mother's brief, the trial court's January 11, 2017 order granting the default judgment, or the trial court's March 8, 2017 order denying Appellant's motion to set aside the judgment. Indeed, the trial court specifically stated in its order granting the default judgment that Appellant "has not provided any other address to the court or to Mother's counsel." Respectfully, this finding is clearly erroneous as the record on appeal clearly shows that the trial court received Appellant's notice that he was incarcerated well before the entry of this order. *See Discover Bank*, 363 S.W.3d at 487 (quoting *Banks*, 271 S.W.3d at 116) (holding that a court abuses its discretion when it "based its decision on a clearly erroneous assessment of the evidence").

Although the record indicates that Appellant did at some point receive notice of the default judgment,[4] there is "reasonable doubt" as to whether Appellant received notice of the motion for default judgment five days prior to the January 5, 2017 hearing, as required by Rule 55.01. *Beck*, 2012 WL 1656228, at *8. This Court has held that the five-day notice requirement in Rule 55.01 is clear, unambiguous, and mandatory. *See Decker*, 2006 WL 1132048, at *3 (citing *Churney v. Churney*, 1993 WL 273891 (Tenn. Ct. App. July 22, 1993)). As such, "[a] default judgment should be vacated when the record indicates that the motion for default judgment was not served on the defendant in compliance with Rule 55.01." *Decker*, 2006 WL 1132048, at *3 (citing *First Tenn. Bank Nat. Ass'n v. McClure*, 1990 WL 6378 (Tenn. Ct. App. Jan. 31, 1990)).

In similar circumstances, this Court has held that it is error for the trial court to deny a motion to set aside a default judgment. *See Beck*, 2012 WL 1656228, at *8 ("Because [defendant] received no notice of the hearing, and because she did not have the

---

[4] It is not clear how or when Appellant received this notice, as the letter filed January 3, 2017 informing the trial court of the change in Appellant's address appears to have been drafted in November 2016, well before Mother filed her motion for default judgment.

opportunity to present her case, we conclude that it would have been error for the trial court to deny her Rule 60 relief."); *see also* **Decker**, 2006 WL 1132048, at \*3 (holding that the trial court abused its discretion in refusing to set aside the default judgment when the defendant did not get at least five days' notice prior to the hearing on the default judgment motion). Moreover, despite Mother's assertion otherwise, the failure of notice under Rule 55.01 excuses Appellant from the other requirements for relief under Rule 55.01, specifically the requirement that Appellant assert a meritorious defense. *See* **Decker**, 2006 WL 1132048, at \*3 (holding that the plaintiff's failure to follow the procedural requirements of Rule 55.01 excused the defendant from showing a meritorious defense). The trial court therefore erred in denying Appellant's motion to set aside the default judgment.

## Conclusion

The judgment of the Wilson County Juvenile Court is reversed and this cause is remanded for further proceedings pursuant to the opinion. The costs of this appeal are taxed to Appellee Kristina C., for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE