# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 24, 2017 Session

## KRISTINA ABOLINS, ET AL. v. FRANK SANTAS, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 15-1315-II      William E. Young, Chancellor**

---

### No. M2017-00357-COA-R3-CV

---

This appeal concerns an order to set aside a default judgment. Kristina Abolins and Christopher Heath Hawkins ("Plaintiffs") sued Frank Santas ("Santas"), doing business as Gunner Inc., and Alta Horizon, Inc. ("Defendants," collectively), asserting a number of causes of action arising out of Defendants' work on a renovation project at Plaintiffs' home. After several months with no responsive filing from Defendants, Plaintiffs moved for default judgment. The Chancery Court for Davidson County ("the Trial Court") granted Plaintiffs' motion for default judgment. Defendants filed a motion to set aside default judgment, raising certain defenses and taking issue with service of process. The Trial Court entered an order granting the motion to set aside on the condition that Defendants pay Plaintiffs' attorney's fees and expenses. Defendants did not pay, and instead appealed to this Court. We find no abuse of discretion by the Trial Court. We, therefore, affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, J., joined, and W. NEAL MCBRAYER, J., filed a separate concurring and dissenting opinion.

Charles J. Friddell, Nashville, Tennessee, for the appellants, Frank Santas and Alta Horizon, Inc.

Jennifer S. Ghanem, Nashville, Tennessee, for the appellees, Kristina Abolins and Christopher Heath Hawkins.

## OPINION

## Background

In November 2015, Plaintiffs sued Defendants in the Trial Court seeking damages arising from an alleged breach of contract, conversion, violation of the Tennessee Consumer Protection Act ("TCPA"), and other causes of action. Plaintiffs alleged they had hired Defendants to perform a home renovation project which, according to Plaintiffs, never was completed satisfactorily by Defendants.

Plaintiffs attempted to serve Santas individually and as managing agent of Alta Horizon by means of the Dickson County Sheriff's Office. Process was returned with the notation "avoiding service" entered. Plaintiffs then hired private process servers to serve Defendants. According to affidavits by process servers Harold Loux and Kevin Trick, Defendants were served on February 23, 2016. The summons return was late-filed in December 2016.

On March 31, 2016, Plaintiffs' counsel, Jennifer Ghanem ("Ghanem"), spoke with Defendants' counsel, Charles Friddell ("Friddell"), concerning the case. Ghanem emailed Friddell a copy of Plaintiffs' complaint. On April 1, 2016, Friddell sent a letter to Ghanem in which he stated that he was not authorized to accept service on behalf of Defendants. On April 19, 2016, Friddell informed Ghanem by email that he would file a motion to dismiss. However, no motion to dismiss was filed at this stage. Friddell did not file an appearance on behalf of Defendants until the filing of Defendants' motion to set aside default judgment.

On May 31, 2016, Plaintiffs filed a motion for default judgment. By July 2016 order, the Trial Court granted default judgment in favor of Plaintiffs for a total of $166,840.98, which included a trebling under the TCPA of $55,613.66 in compensatory damages. The Trial Court stated in this order regarding the service of process that: "Defendants did not respond to process or participate in the litigation, and a Motion for Entry of Default was filed by the Plaintiffs, to which no response was filed as required by Rule 55.01 of the Tenn. R. Civ. Pro."

In October 2016, Defendants filed their motion to set aside default judgment pursuant to Tenn. R. Civ. P. 55.02 and 60.02. Defendants also filed a motion to dismiss. In their memorandum in support of their motion to set aside default judgment, Defendants asserted the following with respect to what they alleged was lack of notice and improper service of process:

The Defendants Motion under Rule 60.02 (1) for mistake, inadvertence, surprise or excusable neglect would show unto the Court the Sworn Affidavit of Frank Santas, the Declaration of Counsel, Charles J. Friddell and the record as reflected in the case file.

The Affidavit of Frank Santas clearly shows that he was served with two papers on February 9th, 2016 which are the two Summons as prepared and issued by this Court. However, the Affidavit clearly states that no Complaint was attached to either of the Summons as required by the law to effectively serve a Defendant in this cause. The Affidavit further shows that he brought the two Summons to Charles J. Friddell who he directed to write a letter informing the Plaintiffs counsel that the Service of Process was improperly handled. The Declaration of Counsel as submitted by Charles J. Friddell clearly shows that a letter was directed to Plaintiffs counsel outlining the objection to the Service of Process by the private process service.

Further, the Statement of Counsel clearly show e-mail correspondence with Plaintiff's counsel outlining the irregularities and the fact that Gunner, Inc. while previously Administratively Dissolved in August of 2015 was reinstated on January 26, 2016 and that Charles J. Friddell and agreed to accept Service of Process for Gunner, Inc. from Plaintiff's counsel. Curiously, there is nothing in the Court record with respect to any representation or notices of the Motion for Default, the Notice of Default Hearing, or the Order as granted in this case.

Further, the Declaration of Counsel as submitted by Charles J. Friddell shows that he has received no correspondence other than the letter and e-mails Ms. Ghanem, Plaintiff's counsel [sic]. Neither the Motion nor the Notice of Hearing nor the proposed Final Order was submitted to or sent as a courtesy to Charles J. Friddell, Attorney.

The Affidavit of Frank Santas also states that due to his turning the Summons over to Mr. Friddell, his attorney, that he felt this matter was being handled by Mr. Friddell and did not receive the correspondence or mail sent from the Plaintiff's counsel's office.

On October 21st, 2016 Frank Santas received from the Chancery Court Clerk and Master's Office a Bill of Cost and immediately called Charles Friddell to find out what the status of this case was. On October 23rd, 2016 Charles J. Friddell obtained copies of the Pleadings filed in this case after April, 2016 and was advised for the first time that a Judgment, including damages assessed of $55,613.66 had since been entered along with a Judgment for treble damages of $166,840.98.

***

Defendants further would show to the Court, pursuant to Rule 60.02(3) that the entry of a Judgment is void as contrary to the laws of the State of Tennessee. Plaintiffs did not properly serve the Defendants as required by Rule 4.04(1) and Rule 4.04(4) of the Tennessee Rules of Civil Procedure. Plaintiffs did not serve a copy of the Complaint along with the two summons.

The Trial Court conducted a hearing on the two motions in November 2016. The Trial Court ruled that it would grant Defendants' motion to set aside default judgment on the condition that Defendants pay Plaintiffs' attorney's fees and costs. Defendants filed a motion to alter or amend judgment, in which they articulated their position in part as follows:

> Defendants have incurred substantial attorney fees and costs in their Motion to Set Aside, appearance and review of other matters. Defendants have shown the Court by other averments that substantially the amount of fees and delays in this matter could have been minimized had Plaintiffs counsel followed the rules and given notice to Mr. Friddell that she was filing for a Default Judgment in this matter. Defendants maintain that the imposition of fees as a sanction in this regard is inequitable.

> \*\*\*

> The Defendants have by sworn affidavit stated that they did not receive the Motion for Default Judgment nor the Order of Default. Plaintiffs' counsel relies on the Certificate of Service contained in those documents as filed.
> The Certificate of Service by Jennifer S. Ghanem to Alta Horizon, Inc. was improperly addressed. The zip code for Bon Aqua, Tennessee is 37025. The Plaintiffs counsel mailed the letter for Alta Horizon, Inc. to 37205 which is the zip code for Belle Meade. This clearly rebuts the presumption that the Certificate of Service to Alta Horizon, Inc. is presumed to be served. It further may explain why the Defendants did not receive such notice.
> The certificate of service required by Tenn. R. Civ. P. 5.03 is prima facia evidence that the document was served in the manner described in the certificate and raises a rebuttable presumption that it was received by the person to whom it was sent. The defendants contend that the failure of Plaintiffs counsel to properly and timely file documents with the Court impeaches the certificates as signed and rebuts the presumption. The defendants further contend that the failure of Plaintiffs' counsel to properly

-4-

address the certificates to Alta Horizon, Inc., as signed rebuts the presumption.

In two separate January 2017 orders, the Trial Court denied Defendants' motion to dismiss and granted Defendants' motion to set aside default subject to condition. In its order denying Defendants' motion to dismiss, the Trial Court stated as follows:

> This matter came on for hearing on the 18th day of November, 2016 upon the Defendants', Frank Santas d/b/a Gunner, Inc. and Alta Horizon, Inc. ("Defendants"), motion to dismiss. The Defendants contend that this Court lacks jurisdiction over Defendant Santas, that the Plaintiffs did not obtain proper service upon either Defendant Santas d/b/a Gunner, Inc. or Defendant Alta Horizon, Inc., and that the Complaint fails to state a claim against Defendant Alta Horizon, Inc. Upon consideration of the motion, the response, the pleadings of the parties, the argument of counsel and the entire record, this Court denies the motion to dismiss. This Order incorporates and reiterates the ruling made in open court at the November 18th hearing.
>
> First, the Defendants claim that they were not properly served in compliance with Tenn. R. Civ. P. 401(1) and 401(4). The Plaintiffs, however, contend that the Defendants were properly served in strict compliance with those rules. Tenn. R. Civ. P. 401(1) states that service shall be made upon an individual "by delivering a copy of the summons and of the complaint to the individual personally," and Tenn. R. Civ. P. 401(4) provides that service shall be made upon a domestic corporation by "delivering a copy of the summons and complaint to an officer or managing agent thereof." The Plaintiffs assert that they retained the services of Loux Investigations, Inc. to serve a complaint and summons on Frank G. Santas both in his personal capacity and in his capacity as the registered agent for Gunner, Inc. and Alta Horizon, Inc. The Plaintiffs have filed with the Court the affidavits of Harold G. Loux, the president of Loux Investigations, Inc., and Kevin Trick, who both attested to serving the complaints and summons on Mr. Santas on February 23, 2016. The Court finds this information sufficient to confirm that service was appropriately obtained upon the Defendants and therefore the motion to dismiss for failure to obtain service should be denied.
>
> Next, the Defendants contend that the Plaintiffs failed to state a claim in regard to Defendant Alta Horizon, Inc. It is axiomatic that a motion to dismiss under 12.02(6) challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The Court must

construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013). It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Trau-Med of Am., Inc.*, 71 S.W.3d at 696. Under this lenient standard, the Court finds that the allegations in the Complaint against Defendant Alta Horizon, Inc. are sufficient to withstand a motion to dismiss. The Complaint basically alleges Defendants were engaged to complete a home renovation project for the Plaintiffs and failed to complete the project, resulting in the causes of action set forth in the Complaint. These allegations raise factual issues that are inappropriate for resolution on a motion to dismiss.

Accordingly, and for the above-stated reasons, the Defendants' motion to dismiss is hereby denied.

Defendants raise no issue on appeal as to the Trial Court's denial of their motion to dismiss.

In its order granting Defendants' motion to set aside the default judgment, the Trial Court stated as follows:

This matter was heard on November 18, 2016 on the Defendants' motion to set aside the default judgment entered by this Court on July 7, 2016. Upon consideration of the pleadings of the parties, the argument of counsel and the entire record, this Court finds that the Order of default judgment shall be set aside provided the Defendants pay the attorneys' fees and expenses incurred by the Plaintiffs, Kristina Abolins and Heath Hawkins ("Plaintiffs"), in filing the motion for default judgment, pursuing collection of that judgment and responding to the motion to set aside the default judgment. This Order incorporates and reiterates the findings of fact and conclusions of law stated by this Court following the hearing of this matter.

Plaintiffs' counsel has submitted a detailed statement that the above-cited fees and expenses total $9,935.93. The Court finds this amount reasonable and related to matters involving the default judgment. These fees and expenses shall be paid within thirty (30) days of entry of this

Order. Once these fees and expenses are paid, the Plaintiffs shall file with this Court written notice of the payment and such notice will trigger the setting aside of the default judgment per this Order. If these fees and expenses are not paid by the date required by this Order, then the Plaintiffs will file written notice of non-payment with this Court and the default judgment will remain in effect.

## BACKGROUND

The Plaintiffs filed the Complaint in this case on November 2, 2015, seeking a judgment for damages against the Defendants for breach of contract, breach of implied warranty, negligence, fraud, conversion and violation of the Tennessee Consumer Protection Act codified at Term. Code Ann. §§ 47-18-101 to -131. These claims arose out of the engagement by the Plaintiffs of the "Defendant Santas, doing business as Gunner, Inc. and Alta Horizon, Inc. to complete a home renovation project on the property located at . . . ." Complaint, ¶ 8.

The Plaintiffs initially sought to serve process under Tenn. R. Civ. Proc. 4.04 on the Defendant Frank Santas, on his own behalf and as the officer or managing agent of the Defendant Alta Horizon, thru the Dickson County Sheriff's Office. The process was returned to this Court as not served, with a notation that the Defendants were not found and were "avoiding service." The Plaintiffs then retained Loux Investigations, Inc. to obtain service on the Defendants. Per the affidavits of private process servers Harold Loux and Kevin Trick, filed as Exhibit C with the Plaintiffs' response to the Defendants' motion, the Defendants were served on February 23, 2016. For some reason, the summons evidencing such service was not initially returned to this Court. On December 1, 2016, the summons evidencing service was late filed with the Court.

The Plaintiffs state in their response that Plaintiffs' counsel, Ms. Ghanem, initially discussed this case by telephone with Defendants' current counsel, Mr. Friddell, on March 31, 2016. By letter dated April 1, 2016 attached as Exhibit D to the Plaintiffs' response, Mr. Friddell disputed that service on his clients had been properly obtained and also stated that he was not authorized to accept service on behalf of his clients. Ms. Ghanem advised Mr. Friddell that service was properly obtained, and she subsequently emailed a copy of the Complaint to Mr. Friddell. Per an email attached as Exhibit D to the Plaintiffs' response, Mr. Friddell advised Ms. Ghanem on April 19, 2016 that he would file a motion to dismiss the Plaintiffs' Complaint.

After the passage of about 40 days with no responsive filing by the Defendants, on May 31, 2016 the Plaintiffs filed a motion for default judgment with the Court. The certificate of service states that the Defendants were mailed a copy of the motion. Mr. Friddell was not served with the motion, apparently because he had not filed an appearance on behalf of the Defendants in this case. No one appeared for the Defendants at the June 24, 2016 hearing on the default judgment motion. The Court entered an Order on July 7, 2016 granting default judgment in favor of the Plaintiffs for $55,613.66 for compensatory damages, in addition to treble damages, for a total judgment of $166,840.98. The Order noted that "Defendants did not respond to process or participate in the litigation."

Approximately four months later, on October 28, 2016, Mr. Friddell, on behalf of the Defendants, filed a motion to set aside this default judgment pursuant to Tenn. R. Civ. Proc. 55.02 and 60.02. This motion included the Declaration of Mr. Friddell and the Affidavit of Mr. Santas. Mr. Santas disputed the allegations in the Complaint, specifically stating no written contract for renovations on the Plaintiffs' house had been entered between the Defendants and Plaintiffs and that Mr. Santas was just performing "pro bono" work in assisting the Plaintiffs with these renovations. Mr. Santas further stated that, if any contract did exist, it would be between the Plaintiffs and "Gunner, Inc.", a Tennessee corporation that, as of August 2015 when this Complaint was filed, was not active and had been administratively dissolved.[1] The Defendants also contest that they were properly served under Tenn. R. Civ. Proc. 4.04.

## ANALYSIS

Rule 60.02 motions should be viewed liberally when the movant seeks relief from a default judgment. *Pryor v. Rivergate Meadows Apartment Associates Ltd. P'ship*, 338 S.W.3d 882, 885 (Tenn. Ct. App. 2009) (citing *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn.1985)). A request to vacate a default judgment in accordance with Rule 60.02 should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on the merits. *Id*. (citing *Tenn. State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980)). Tennessee courts have recognized that "default judgments run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). When a party seeks Rule 60 relief from a default judgment based on mistake, inadvertence, surprise, or

---

[1] Mr. Santas stated that Gunner, Inc. was reinstated on January 26, 2016.

excusable neglect, the Court considers the following factors: 1) whether the default was willful, 2) whether the defendant has a meritorious defense, and 3) whether the non-defaulting party would be prejudiced if relief were granted. *Id*.

In this case, the Court finds that the aforementioned three factors, coupled with the preference in Tennessee law of trying a case on the merits rather than entering a judgment by default, militate in favor of setting aside the prior order granting a default judgment. Having so determined, the Court does find the default "willful" in this case. Both the Defendants and Defendants' counsel were aware of the Complaint - indeed the Complaint was emailed to the Defendants' counsel more than 40 days before the motion for default judgment was filed. Despite knowledge of the existence of the Complaint, the Defendants took no action to respond or to make an appearance in this case. The Defendants contended service of process was not properly made, but failed to file a motion to dismiss or other responsive motion asserting insufficiency of service of process. The Defendants failed to respond to the motion for default judgment once filed. Despite this inaction by the Defendants, the Court finds that the Defendants, per the affidavit of the Defendant Santas, have raised possible meritorious defenses, including their denial that the Defendants had any written or oral agreement with the Plaintiffs to perform the renovations in question. Further, there is no evidence that the delay caused by the filing and granting of the default judgment will adversely impact the Plaintiffs' ability to try this matter. As Tennessee courts have recognized, the mere passage of time or simply proceeding to trial does not constitute prejudice sufficient to avoid a trial on the merits. *Patterson v. Sun Trust Bank*, 328 S.W.3d 505, 512-13 (Tenn. Ct. App. 2010).

Nonetheless, despite finding the default judgment should be set aside, the Court is concerned that the Plaintiffs have suffered needless cost and expense occasioned by the Defendants' failure to promptly address this Complaint once they were advised of its existence. The Defendants, rather than taking action to address this litigation, chose to ignore it. They took no action after being served with process on February 23, 2016. They failed to take any action in April of 2016 after Plaintiffs forwarded the Complaint to Defendants' counsel, which prompted the Plaintiffs to file a motion for default judgment 40 days later. Then, once a default judgment was entered, the Defendants did not seek to set aside that judgment until four months had passed. Tenn. Rule Civ. Proc. 62.02 provides that a trial court may set aside a prior judgment "upon such terms as are just." Tennessee courts have specifically found that this authority includes permitting a trial court the discretion to condition relief from a default

judgment on the defaulting party's payment of attorneys' fees and expenses incurred by the non-defaulting party when the default was occasioned by the action, or in this case the inaction, of the defaulting party. *Morrow v. Butcher*, C.A. No. 702, 1987 WL 15523, at *3 (Tenn. Ct. App. Aug. 13, 1987) (affirming trial court's conditioning of set aside of default judgment upon payment of attorney's fees and costs by defaulting party to non-defaulting party where the fees ordered to be paid were "occasioned by the default judgment proceedings" caused by the defaulting party); *see also Qualls v. Qualls*, 589 S.W.2d 906, 910-11 (Tenn. 1979). Therefore, in order to set aside this default judgment, justice requires the Defendants to first compensate the Plaintiffs for the attorneys' fees and expenses they have incurred in obtaining the default judgment, seeking to execute on that judgment and then having to defend against setting that motion aside.

Based upon the Court's above finding, which was announced at the conclusion of the hearing of this matter, the Court requested that the Plaintiffs' counsel file with the Court her affidavit documenting the reasonable attorneys' fees and expenses incurred by the Plaintiffs in connection with the default judgment at issue. In her subsequently filed affidavit, Plaintiff's counsel detailed fees and expenses totaling $9,935.93 that were incurred as a result of the default judgment proceedings. The Court has carefully reviewed this affidavit and finds these fees and expenses reasonable.

On December 5, 2016, prior to the entry of this Memorandum and Order, the Defendants, Frank Santas d/b/a Gunner, Inc. and Alta Horizon, Inc. ("Defendants"), filed a "Motion for an Order to Alter or Amend Judgment" in response to this Court's oral findings at the November 18, 2016 hearing of this matter. The Court has reviewed the motion and, for the reasons set forth in this Memorandum and Order, declines to alter or amend its findings.[2]

**CONCLUSION**

Accordingly, the July 7, 2016 Order granting default judgment against the Defendants shall be set aside provided the Defendants pay the

_____

[2] Among other arguments, the Defendants assert that their actions in failing to respond to the Plaintiffs" various pleadings must be "willful" in order to warrant an award of attorney's fees to Plaintiffs. While the Court does find the Defendants' actions were "willful", a "willful" action is not necessary to sustain an award of fees and expenses. Instead, the appropriate standard, as referenced in the above-cited *Morrow* and *Qualls* cases, is for the trial court, in the exercise of its discretion, to draft a remedy that is "just." This may include compensation to a party harmed by the action or inaction of another party who fails to respond to pleadings, leading to the entry of a default judgment.

$9,935.93 in attorneys' fees and expenses incurred by the Plaintiffs in filing the motion for default judgment, pursuing collection of that judgment and responding to the motion to set aside the default judgment. These fees and expenses shall be paid within thirty (30) days of entry of this Order. Once these fees and expenses are paid, the Plaintiffs shall file with this Court written notice of the payment and such notice will trigger the setting aside of the default judgment per this Order.

Should Defendants or their legal counsel fail to meet the conditions set forth hereinabove, and upon written notice to this effect given to the Court by the Plaintiffs' counsel, this Order of Conditional Relief shall be vacated, and the motion to set aside the default judgment shall be denied for want of compliance.

Finally, the December 5, 2016 Motion to Alter or Amend Judgment is denied.

(Footnotes in original).

Defendants filed a notice of appeal. After 30 days elapsed, Plaintiffs filed a notice with the Trial Court informing of Defendants' failure to pay attorney's fees and expenses. In March 2017, the Trial Court entered an order denying Defendants' motion to set aside default judgment for want of compliance:

This matter came on for hearing on the 18th day of November, 2016 at 9:00 a.m., upon the Motion to Set Aside the Default Judgment filed by Defendants' Frank Santas d/b/a Gunner, Inc. and Alta Horizon, Inc. ("Defendants"). On January 10, 2017, the Court entered an Order setting aside the Default Judgment, provided that Defendants pay the $9,935.93 in attorney's fees and expenses incurred by Plaintiffs within thirty (30) days of the Court's entry of its Order. The Court further stated that if Defendants or their legal counsel fail to meet the stated conditions above, the Order of Conditional Relief shall be vacated and the Motion to Set Aside the Default Judgment shall be denied for want of compliance, upon written notice to the Court by Plaintiffs' counsel.

As of February 24, 2017, more than thirty (30) days after the Court's Order, Defendants and their legal counsel have failed to pay the $9,935.93 in attorney's fees and expenses incurred by the Plaintiffs as set forth in the Court's Order on January 10, 2017. Therefore, Defendants' Motion to Set Aside the Default Judgment shall be denied for want of compliance.

Following the Trial Court's March 2017 order, Defendants filed an amended notice of appeal to this Court.

**Discussion**

Although not stated exactly as such, the sole issue Defendants raise on appeal is the following: whether the Trial Court abused its discretion in imposing as a condition to granting Defendants' motion to set aside default judgment the payment of attorney's fees and expenses to Plaintiffs in the amount of $9,935.93.

As pertinent, Tenn. R. Civ. P. 55.02 provides that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Tenn. R. Civ. P. 55.02. We review a trial court's decision with regard to Tenn. R. Civ. P. 60.02 motions for abuse of discretion. *Ferguson v. Brown*, 291 S.W.3d 381, 386 (Tenn. Ct. App. 2008).

In pertinent part, Tenn. R. Civ. P. 60.02 provides:

60.02. Mistakes—Inadvertence—Excusable Neglect—Fraud, etc.— On motion and *upon such terms as are just*, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . .

Tenn. R. Civ. P. 60.02 (italics added).

The standard of review for the sole issue presented on this appeal is that of abuse of discretion, a relatively deferential standard. Our Supreme Court has expounded upon the abuse of discretion standard as follows:

The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful

-12-

appellate scrutiny. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

Discretionary decisions must take the applicable law and the relevant facts into account. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d at 42.

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. *Flautt & Mann v. Council of Memphis*, 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.*, 88 S.W.3d at 212.

*Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010).

Defendants argue in their brief on appeal that: "The failure to give Notice in accordance with Davidson County Local Rule 5.04(14) in that an adverse action was taken against a represented party and the failure to serve Notice as required by Tennessee

Rules of Civil Procedure 5.02 to the Attorney representing the Defendants are material factors that would have mitigated any damages . . . subsequently incurred." Plaintiffs, for their part, argue in their brief on appeal that: "[W]hile Defendants contended that service was improper, the Chancery Court clearly stated that Defendants failed to file a motion to dismiss or other responsive motions asserting insufficiency of service of process."

In *Morrow v. Butcher*, we affirmed the trial court in its determination that the defendant had to pay the plaintiff's attorney's fees before the default judgment would be set aside. We concluded as follows:

> In this case, defendant clearly failed to comply with the established rules of procedure, but nevertheless was granted relief. The condition of the relief was that defendant should bear the burden of the expenses her action had caused. From this record we can find nothing to indicate any unfairness in such a ruling. The chancellor properly exercised his discretion in refusing to set aside the default judgment unless defendant paid the additional fees incurred by plaintiff.

*Morrow v. Butcher*, C.A. No. 702, 1987 WL 15523, at *3 (Tenn. Ct. App. Aug. 13, 1987), *no appl. perm. appeal filed*.

As shown in the "upon such terms as are just" language of Tenn. R. Civ. P. 60.02 and the precedent of *Morrow*, Tennessee courts may impose certain conditions before setting aside default judgments. The only question raised in this appeal is whether the Trial Court abused its discretion in conditioning the granting of Defendants' motion to set aside default judgment on their paying Plaintiffs' attorney's fees and expenses in the amount of $9,935.93. The Trial Court specifically found:

> [T]he Court does find the default "willful" in this case. Both the Defendants and Defendants' counsel were aware of the Complaint - indeed the Complaint was emailed to the Defendants' counsel more than 40 days before the motion for default judgment was filed. Despite knowledge of the existence of the Complaint, the Defendants took no action to respond or to make an appearance in this case. The Defendants contended service of process was not properly made, but failed to file a motion to dismiss or other responsive motion asserting insufficiency of service of process. The Defendants failed to respond to the motion for default judgment once filed.

We find no evidence in the record on appeal that would serve to overturn these factual findings made by the Trial Court.

Defendants state that "this matter could and would have been avoided if Plaintiffs' counsel followed Rule 5.02 or had simply sent to Mr. Friddell a courtesy copy of the Motion for Default, the Order Resetting the Hearing or even the final Default Judgment." The Trial Court found that "[t]he certificate of service [on the motion for default] states that the Defendants were mailed a copy of the motion. Mr. Friddell was not served with the motion, apparently because he had not filed an appearance on behalf of the Defendants in this case." First, while sending Friddell, who had told Ghanem he was not authorized to accept service for Defendants, a courtesy copy of one or all of those documents might represent good practice, Defendants cite to no rule mandating such action. It is, after all, called a "courtesy copy." Second, it is entirely speculative that additional communication would have elicited a response from Defendants in light of the Trial Court's finding that Defendants' failure to respond was willful. If Defendants now wish to respond and defend against the lawsuit, it is reasonable to require them to pay for the unnecessary expense Plaintiffs incurred in obtaining a default judgment only to have it overturned should Defendants comply with the Trial Court's reasonable condition.

We have carefully reviewed Plaintiffs' fee statement contained in the record. We find, as did the Trial Court, that these fees and expenses are reasonable and related to Plaintiffs' work in obtaining and later defending the default judgment. We find no abuse of discretion in the Trial Court's conditioning the grant of Defendants' motion to set aside the default judgment on their paying Plaintiffs' $9,935.93 in attorney's fees and expenses incurred relative to the default judgment. We, therefore, affirm the judgment of the Trial Court.

Although the Trial Court already has entered an order denying Defendants' motion to set aside the default judgment for want of compliance, we hold that, as Defendants timely appealed, Defendants have 30 days from the entry of this Opinion and our Judgment in which to pay, if they choose, $9,935.93 and thus satisfy the Trial Court's condition to set aside the default judgment.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellants, Frank Santas and Alta Horizon, Inc., and their surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE